UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 14-10217-RWZ

JOHNNY GARRETT

v.

STATE OF ILLINOIS ATTORNEY GENERAL, ET AL.

MEMORANDUM AND ORDER

February 14, 2014

ZOBEL, D.J.

        For the reasons set forth below, this action is summarily dismissed pursuant to 28 U.S.C. § 1915A.

BACKGROUND

        On January 14, 2014, Plaintiff Johnny Garrett, an Illinois inmate incarcerated at the Pinckneyville Correctional Center in Illinois, submitted for filing his self-prepared pleading titled "Motion for a Time Cut or Reduction of Sentence." See Complaint ("Compl."), Docket No. 1.  The twelve page document consists of six handwritten pages as well as copies of (1) one date stamped envelope addressed to the Central District of California, (2) one blank page from a Section 2255 form, (3) one completed Offender Authorization for Payment form; and (4) an attachment showing some transactions from Plaintiff's inmate trust fund account.  Id.

        The caption of the complaint lists "State of Connecticut,"  "United States Supreme Court" and "China Anne Mcclain" [1]and is styled "United States of America, ex. rel. Plaintiffs Johnny Garrett versus State of Illinois Attorney General, Respondent and People of the State of Illinois."  Pages two and five of the complaint contains abbreviated case captions

_____

        [1]China Anne Mcclain is a fifteen year old television and film actress.  See http://www.imdb.com/name/nm1942207 (last visited Jan. 29, 2014)  .

and lists a list of legal claims in numerical order.  The third page has the same caption as the first page and contains a list of parties, courts and counsel.

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Plaintiff has been a frequent litigant in other federal courts. Thirty-three civil actions have been filed under the name Johnny Garrett, and there are sixteen civil cases listed under the name Johnnie Garrett.  Although he has not filed an Application to Proceed Without Prepayment of Fees, Garrett knows that a prisoner may be denied in forma pauperis status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(g) (the so-called "three-strikes" rule).  Where a prisoner has "three-strikes," he may only proceed in forma pauperis if he is "under imminent danger of serious physical injury."  Id.
Garrett has already accumulated three strikes.  See, e.g., Garrett v. State of Illinois, et al., 13-cv-01298 JPG (S.D. Ill. Dec. 30, 2013)(dismissing Garrett's complaint pursuant to 28 U.S.C. § 1915A and advising that the dismissal counts as his third and final allotted "strike" under the provisions of 28 U.S.C. § 1915(g)).

### SCREENING

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."
Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Fantastic or delusional scenarios involve
alleged facts that are irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25,
33 (1992).  An action fails to state a claim on which relief may be granted if it does not
plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its
face "when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft
v. Iqbal, 556 U.S. 662, 678 (2009).

Here, Garrett has not sought to proceed in forma pauperis at this time, and
therefore the screening of his Complaint is conducted under the auspices of 28 U.S.C. §
1915A.  A pro se complaint is entitled to a liberal construction.  See Haines v. Kerner,
404 U.S. 519, 520-521 (1972).  Courts review pro se complaints according to "less
stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404
U.S. 519, 520-21 (1972); see also Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)
(explaining that "courts hold pro se  pleadings to less demanding standards than those
drafted by lawyers").  However, pro se status does not insulate party from complying
with substantive and procedural law.  Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997).

### DISCUSSION

After fulling considering Plaintiff's complaint in its entirety, as well as Plaintiff's
litigation history, the Court concludes that this action is frivolous and subject to summary
dismissal.  Plaintiff's complaint is devoid of factual allegations and descriptions of any
actions taken by defendants and/or any other person.  Plaintiff includes a laundry list of
complaints against the President of the United States, but fails to state any
comprehensible claim.  The entire document consists of disconnected statements and is

similar to several unsuccessful actions that Garrett filed in other federal courts.  <u>See</u>

<u>Garrett v. State of Illinois, et al.</u>, 13-cv-01298 JPG (S.D. Ill. Dec. 30, 2013).

<u>ORDER</u>

Accordingly, it is hereby

ORDERED, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

 /s/ Rya W. Zobel
UNITED STATES DISTRICT JUDGE